968 F.2d 1224
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Luis Dario SOTO, Jr., Defendant-Appellant.
 No. 91-3334.
 United States Court of Appeals, Tenth Circuit.
 July 20, 1992.
 
 Before LOGAN, TACHA and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 This appeal is from an order of the district court denying a motion to suppress evidence and statements made by the defendant. Defendant entered a conditional guilty plea to possession with the intent to distribute marijuana. Defendant appeals on the grounds that the district court erred in admitting evidence seized during an alleged pretextual stop by a highway patrol trooper and in admitting defendant's statements which were made during the period of questioning following the stop. We affirm.
 
 
 2
 The record in this case clearly supports the finding of the district court that the stop of the vehicle driven by defendant was not pretextual. Defendant does not deny that he made a lane change without the appropriate signal. At least two officers testified that it is not unusual to issue a warning citation for lane change violations. Once the stop was made and the officer questioned defendant about the vehicle identification number, driver's license, and registration of the car, the record contains evidence that the officer smelled the odor of marijuana. We cannot say that the district court was clearly erroneous in finding that the trooper then had reasonable cause for further detention of the appellant and for the ensuing search.
 
 
 3
 The statements which defendant alleges should be suppressed were made in relation to an approach by one of the troopers asking whether defendant would participate in a controlled delivery. The record contains evidence that defendant voluntarily stated that he would participate in such a delivery. We cannot say that the district court was clearly erroneous in finding that the evidence of these incriminating statements should be admitted. We find no error in the determinations of the district court and AFFIRM.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3